991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel L. JONES, Plaintiff-Appellant,
v.
CHEMICAL MORTGAGE COMPANY, et al., Defendants-Appellees.
 No. 92-4021.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY, MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Daniel L. Jones, proceeding without benefit of counsel, appeals from the judgment of the district court dismissing his complaint with prejudice. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Daniel Jones alleged he was fired from his job with the Chemical Mortgage Company as the result of sexual discrimination and retaliation. It is noted that Jones did not explicitly refer to a statutory provision in his complaint. It is assumed that Jones alleged that defendants' conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
 
 
 3
 The case was submitted to the district court which entered judgment against Jones pursuant to Fed.R.Civ.P. 37(b)(2)(C) for failure to provide court-ordered discovery. From that judgment, Jones appeals.
 
 
 4
 Upon review, we find no error. A court's order imposing sanctions under Fed.R.Civ.P. 37(b)(2)(C), including the sanction of dismissal, is reviewable only for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). This court has examined the scope of the district court's authority to dismiss a plaintiff's claims for failure to comply with discovery. Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988). The thrust of our decision in Regional Refuse Systems is the presumption that if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion. Id. at 154. Other factors considered relevant in reviewing dismissals under Rule 37(b)(2)(C) are: whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; whether the dismissed party was warned that failure to cooperate could lead to dismissal; and, whether less drastic sanctions were imposed or considered before dismissal was ordered. Id. at 155 (citations omitted).
 
 
 5
 The record plainly reveals that Jones was capable of complying with the court's discovery orders and simply refused to do so. Jones was given ample notice that dismissal would be the result of future noncompliance. The express language of the scheduling order provided for the imposition of harsh sanctions, including dismissal. Bad faith was evinced by Jones literally walking out of his third deposition before the conclusion of questioning. The district court clearly considered imposing a sanction less onerous than dismissal and rejected the idea as being a useless act. In short, the "presumption" is raised that the dismissal was not an abuse of discretion. See Regional Refuse Systems, Inc., 842 F.2d at 154. Additionally, the other factors considered relevant in reviewing dismissals under Rule 37(b)(2)(C) lead inescapably to the conclusion that the dismissal of Jones's complaint was not an abuse of discretion.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.